[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
STATE OF CONNECTICUT v. CHRISTOPHER R. TAFT
 Date of Sentence March 30, 1990 Date of Application March 31, 1990 Date Application Filed April 2, 1990 Date of Decision April 28, 1992
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven. Docket No. 6-293398;
Patricia Buck-Wolf, Esq., Defense Counsel, for Petitioner.
Robert O'Brien, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed. CT Page 4328
BY THE DIVISION. The petitioner, age twenty-three (23) at the time of sentencing, was convicted by a jury of Attempted Assault, First Degree [Conn. Gen. Stat. Sec.53a-59 (a)(1)], and Carrying a Pistol Without a Permit [Conn. Gen. Stat. Sec. 29-35 (a).]
He was sentenced to a term of twelve (12) years on the Attempted Assault Count and five (5) years consecutive on the weapons charge. The effective sentence (17 years) was to run concurrently with the sentence the petitioner was serving (10 years suspended after 5). See Docket Number 6-293411, which was reviewed by the Division along with this matter.
In this case, the petitioner fired three (3) shots at his ex-girlfriend's current boyfriend. At a later confrontation he allegedly again fired his weapon at the same victim. None of the shots struck the victim.
The petitioner has been repeatedly involved in felonies and criminal activity. Prior sentences, whether of incarceration or probationary, have had little, if any, demonstrable deterrent effect.
The sentencing court weighed the positive factors in the petitioner's background and concluded that the severity of this offense warranted a sentence which stressed deterrence and punishment.
The Division has reviewed the sentence in light of the nature of the offense, the petitioner's character, the need for public protection and the deterrent, rehabilitative, isolative and denunciatory purposes for which it was intended. We point out that it was made to run concurrently with the sentence the petitioner was then serving.
Under all the circumstances of this case, the sentence is neither disproportionate nor inappropriate.
It is affirmed.
KLACZAK, J. PURTILL, J. NORKO, J.
Purtill, Klaczak, and Norko, J.'s participated in this decision. CT Page 4329